UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEIGH WINKLER,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:18-cv-0099 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

    David Leigh Winkler initiated this action by filing a complaint for judicial review of the administrative decision denying his application for Social Security benefits by filing a complaint on January 22, 2018. (Doc. 1) Because Plaintiff sought to proceed *in forma pauperis*, the Court screened Plaintiff's complaint on February 21, 2018. (Doc. 7) The Court directed the Clerk to issue documents including: "the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms." (*Id.* at 4) Plaintiff was directed to complete the forms and return them to the Court within thirty days of the date of service. To date, Plaintiff has failed to return these documents, and Defendant has not been served with the Complaint.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days,** Plaintiff **SHALL** show cause in writing why the action should not be dismissed for her failure to comply with the Court's order. In the alternative, within the same 21 days, Plaintiff may complete the Notice of Submission of Documents and return the service documents identified in the Court's order.

IT IS SO ORDERED.

Dated: **April 5, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE