UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEIGH WINKLER,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:18-cv-0099 - JLT<br><br>ORDER STRIKING PLAINTIFF'S OPENING BRIEFS AND DIRECTING PLAINTIFF TO FILE AN AMENDED OPENING BRIEF<br><br>(Docs. 25, 26) |

On November 26 and 27, 2018, Plaintiff filed documents entitled "Late Submission of Opening Brief." (Docs. 25, 26) These documents are identical, with the sole difference being the document filed November 26, 2018 was unsigned while the document filed November 27, 2018 was signed by Plaintiff.

Plaintiff indicates he sent the attached letter to the Commissioner of Social Security, and it is intended to be his opening brief in this action. (Doc. 25 at 1; Doc. 26 at 1) The Court has reviewed the letter, and finds it is insufficient to satisfy the requirements for an opening brief in this action. Plaintiff addresses why he believes he is "currently disabled." (*See* Doc. 25 at 2) In addition, he addresses the conduct of a physician during Plaintiff's visits and the conduct of the administrative law judge at the hearing. (*Id.* at 3) From this letter, the most the Court can ascertain is that Plaintiff was frustrated by the conduct of the physician and believes the administrative law judge erred in finding he is not disabled.

1

As the Court previously informed Plaintiff, an opening brief must contain more than the assertion that the ALJ erred in finding he was disabled. Specifically, an opening brief must contain:

(a) a description of Plaintiff's alleged physical or emotional impairments, when Plaintiff contends they became disabling, and how the impairments disable appellant from work;

(b) a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

(c) a summary of the relevant testimony at the administrative hearing;

(d) a recitation of the Commissioner's findings and conclusions relevant to Plaintiff's claims;

(e) a short, separate statement of each of Plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

(f) argument separately addressing each claimed error.

(*See* Doc. 9 at 3-4)

Plaintiff has filed to identify any specific error by the ALJ, or address the decision issued on June 9, 2016. For example, to the extent Plaintiff believes the ALJ erred in finding his testimony at the hearing lacked credibility, Plaintiff has not addressed the reasons set forth by the ALJ in making this determination. If Plaintiff believes the ALJ erred in rejecting medical evidence, he has not identified—or clearly cited—evidence in the record that undermines the ALJ's decision.

The Ninth Circuit "has repeatedly admonished that [it] cannot manufacture arguments for an appellant." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations omitted). Rather, the Court will "review only issues with are argued *specifically* and *distinctly*." *Id.* (emphasis added). Therefore, when a claim of error is not argued and explained, the argument is waived. *See, id*. at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res*., 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding the assertion of error was "too undeveloped to be capable of assessment"). Because Plaintiff does no more than imply the ALJ erred in finding he is not disabled and fails to identify any specific error or analysis to assist the Court, the opening brief is insufficient.

2

Previously, the parties were informed that briefs not substantially complying with the Court's Scheduling Order requiring each claimed error to be identified and supported by citation to legal authority and the record would be stricken. (*See* Doc. 9-4) Accordingly, due to the substantive defects of Plaintiff's opening brief, the Court **ORDERS**:

1. Plaintiff's opening briefs (Docs. 25 and 26) are **STRICKEN**;
2. Plaintiff **SHALL** file an amended opening brief complying with the requirements set forth above and in the Court's Scheduling Order no later than **December 31, 2018**; and
3. Plaintiff is advised that failure to comply with this Order may result in the imposition of sanctions, including dismissal of the action.

IT IS SO ORDERED.

Dated: **November 28, 2018**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE